## Blubaker Coal Co. v. Penn-Texas Corp.

*Myers & McDonald*, for plaintiff.

*Yost & Myers* and *Shettig, Swope & Shettig*, for defendant.

MCKENRICK, P. J., July 12, 1955.—Blubaker Coal Company, a corporation, by indentures of lease dated June 22, 1920, and December 13, 1922, leased to Pennsylvania Coal & Coke Corporation, a corporation, certain coal and mining rights situate in Cambria County. Pennsylvania Coal & Coke Corporation, by certificate filed with the Secretary of the Commonwealth on May 3, 1954, changed its corporate name to Penn-Texas Corporation.

On July 28, 1954, Blubaker Coal Company entered judgment against Penn-Texas Corporation under warrant of attorney contained in the lease dated June 22, 1920, for the sum of $10,800, costs of suit and five percent attorney's commission for collection. The statement and confession of judgment averred default in the payment of minimum royalty for the years 1951, 1952 and 1953.

On July 28, 1954, Blubaker Coal Company entered judgment against Penn-Texas Corporation on a warrant of attorney identical in form with the one above mentioned on a lease dated December 13, 1922, for the sum of $10,615.41, costs of suit and five percent attorney's commission for collection. The statement of confession likewise averred default in the payment of minimum royalties for the years 1951, 1952 and 1953.

On both of these judgments executions were issued and a levy made on the personal property of the defendant.

Defendant filed motions to strike off the above judgments and set aside the executions for the reason that plaintiff had failed to comply with Rule 246 of the Rules of Court of Cambria County. Plaintiff admits that no rule to show cause as provided in Rule 246 was issued prior to the entry of the judgments.

Plaintiff filed answers in which it was stated that the "release of errors" provision in each of the war-

rants to confess judgment was a waiver of procedural defects, and the failure to comply with Rule 246 was a procedural defect only; therefore, the judgments and executions were valid.

Defendant filed replies to the plaintiff's answers, in which it denies default as averred, claims a meritorious defense and states that had Rule 246 been followed, it could have answered the rules and presented a defense on the merits. It is further denied that the "release of errors" relates to the entry of the judgments; or, even if it does, that it cures a lack of authority to enter said judgments.

The case came on for argument and comprehensive briefs were filed by counsel on both sides of the cases. Since nos. 616 and 617 September term, 1954, are identical, we will consider them together.

Rule 246 of the Rules of Court of Cambria County provides as follows:

"If any such warrant or written power be above twenty years old, a petition for a rule to show cause must be presented to the Court by the owner and holder of the instrument, supported by affidavit of the facts specified in Rule 245, which rule and a copy of the petition shall be served upon the person who signed and delivered the warrant, or if such cannot be served personally, then notice of the rule shall be published once a week for three weeks in the Cambria County Legal Journal and a newspaper designated by the Court. If no answer be filed on or before the return day of the rule, judgment shall be entered upon the instrument by the Prothonotary, upon proof of service of rule or publication of notice."

And Rule 245, which has been referred to in the briefs, reads as follows:

"If a warrant of attorney or written power to enter judgment on an instrument under seal be above ten years old, and under twenty, and is accompanied by

an affidavit of the due execution thereof, that the debt is unpaid and that the person who signed and delivered the warrant is living, the Prothonotary shall enter judgment thereon as of course."

Rules 245 and 246 were adopted more than 30 years ago and were copied from rules in existence many years before that. It has been the practice within the knowledge of the writer of this opinion for at least 45 years to observe the requirements of the rules in entering judgment on an instrument wherein the power to confess judgment is above ten years old and under 20, in the case of Rule 245, and above 20 years in the case of Rule 246.

Neither side contends that the court did not have authority to prescribe these rules for the practice in the courts of Cambria County.

Plaintiff contends, however, that the entry of judgment without the issuing of a rule to show cause is a procedural defect which is cured by the "release of errors" contained in the warrant, and that the court, therefore, in its discretion, has the right and the duty to waive the requirements of the rules, especially if no harm is done to either party. It would be an affectation of learning to cite authority for the proposition that the court does have the power to waive its own rules. The question, however, is whether the court should, in the performance of its duty, waive Rule 246 in these particular proceedings.

Defendant claims that it has been prejudiced by the failure of plaintiff to issue rules to show cause before confessing the judgments. Defendant further contends that had Rule 246 been complied with it could have raised questions by answers to the rules to show cause which would have operated to prevent the entry of judgments without previous notice and hearing.

Plaintiff, on the other hand, contends that defend-

ant could not, under all the circumstances appearing in the record, have raised preliminarily questions of law, a fact which would have prevented entry of the judgments in any event; and the plaintiff further argues that all of the matters referred to by defendant as being matters of defense can very properly be raised in rules to open judgments rather than to strike off.

It is very clear that if Rule 246 had been complied with the concrete questions which plaintiff now asks us to consider abstractly would have been before the court, and the court could then have determined whether to permit entry of the judgments or discharge the rules for judgment. This situation places upon the court the burden to inquire into the merits of the respective parties' contentions without having before it precise questions that might be raised by the evidence submitted at a hearing on the rules. In other words, the court has to substitute as hindsight what clearly could have been brought to the court's attention by compliance with Rule 246.

So far as the equities are concerned, they seem to us to lie with defendant. If defendant had, as argued, some defense which would have been admissible for the purpose of preventing the entry of judgment, defendant should have had an opportunity to present it. If defendant did not have a meritorious defense on the rules, the court would have made the rules absolute and permitted the entry of the judgments by confession, and plaintiff would, therefore, have been in the same position in which it now is, notwithstanding that Rule 246 was not complied with. On the other hand, if plaintiff did not, under all the facts in the case and the law applicable thereto, have the right to confess judgments, then plaintiff has secured an unfair advantage of the defendant by undertaking to accomplish by nonobservance of Rule 246 what he

could not have accomplished by observing it. It does seem unfair to require defendant to proceed to petition in the manner prescribed by the rules of court.

It has been called to our attention in the course of the argument that the burden of proof may be shifted from one party to another by requiring defendant, in the event the judgments are opened, to assume the burden which he would not have been obliged to assume if the actions were in assumpsit, rather than by confession of judgments. We do not believe that that feature is of too great significance, and is not the controlling factor in these cases.

As to the "release of errors" contained in the authority to confess the judgments, we do not regard the failure to have rules to show cause issued simply procedural defects which were cured. In our opinion the defendant was entitled to rely upon the rule of court in force in Cambria as well as practically all other counties of the Commonwealth. It was the duty of plaintiff to first submit to the court the questions to be decided on the preliminary rules. It is, therefore, in our opinion, taking it too lightly to suggest that defendant has not been prejudiced by the premature entry of the judgments without issuing rules.

If the parties to this proceeding had intended that the "release of errors" was applicable to the entry of the judgments as well as the executions issued thereon, it would have been simple to provide in the warrants the same language as appears in the paragraphs of each lease relating to confession of judgment in an amicable action of ejectment, and for the issuing of a writ of habere facias possessionem. The language used therein is: "And the said Lessee hereby releases to the lessor all errors and defects whatsoever in entering said action or judgment or causing such writ of habere facias possessionem to be issued, or in any proceeding thereon, or concerning the same."

In the paragraph relating to the "release of errors" which we have been discussing, no reference is made to the entry of judgments, but only to the executions pursuant to the enforcement of the judgments. We take it that the "release of errors" operates only on formal, technical errors, not on the fundamental right to confess judgment, without compliance with Rule 246 which regulates the method and manner in which judgments may be entered where the warrants are above 20 years old. While it is true that plaintiff claims for royalties for the years 1951, 1952 and 1953, the date of the warrant is in the one case June 22, 1920, and in the other December 13, 1922, both more than 30 years prior to the date of the entry of the judgments. It will be observed that Rule 246 does not state that the date upon which the cause of action accrues shall govern as to age of the warrant, but clearly that the warrant itself, if above 20 years old, shall require a rule to show cause served upon the person who signed and delivered the warrant.

We hesitate to create a precedent whereby non-observance of this very salutary rule of court will require the court, when cases arise in the future, to determine in each particular case whether defendant has been hurt, and if we conclude rightly or mistakenly that he has not been hurt to waive the rule for the benefit of plaintiff.

We, therefore, conclude that the interests of justice do not require the waiver of Rule 246, and enter the following

### Decree

And now, July 12, 1955, at 11 A. M., after argument and due consideration, the rule heretofore granted to strike off the judgment entered to no. 616, September term, 1954, and set aside the execution levied thereon, is made absolute, plaintiff to pay the costs of this proceeding.